IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JEFFREY ALLEN BUNCH, ) | | |
| Register No. 187746, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 06-4204-CV-C-NKL | |
| ) | | |
| STEVE LONG, et al., ) | | |
| ) | | |
| Defendant. ) | | |

## REPORT AND RECOMMENDATION

Defendants Bowen, Combs, Dormire, Enloe, Galloway, Koch, Martin, Ortables, and Woods filed a motion for summary judgment on March 17, 2008. Plaintiff filed a response on May 15, 2008, and defendants filed a reply on June 2, 2008.[1]

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

significantly probative, however, will not prevent entry of summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." <u>Hass v. Weiner</u>, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. <u>Robinson v. Monaghan</u>, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

The main issue in this case encompassing plaintiff's claims against the numerous defendants is his challenge to his 22-month assignment to administrative segregation at Jefferson City Correctional Center (JCCC). Plaintiff alleges that his continued assignment to administrative segregation, based on his having enemies in general population and protective custody at JCCC, was unconstitutional. Plaintiff alleges that his rights under the Eighth and Fourteenth Amendments were violated when defendants refused to transfer him to another correctional institution where he had no enemies, and could live in the less restrictive environments of either general population or protective custody.

Although plaintiff's complaint includes other allegations, such as the conduct violations he received from certain defendants and a claim of denial of access to courts, his response to summary judgment indicates he is not continuing with these claims. Plaintiff concedes that defendants Koch and Martin are entitled to judgment as a matter of law as to his claims challenging conduct violations he received. Plaintiff also concedes that defendants Enlow and Combs are entitled to judgment as a matter of law on his claims alleging denial of access to courts. Further, plaintiff concedes he has no actionable claim against defendant Mitchell on claims challenging his classification hearings.

On September 29, 2004, plaintiff was transferred to JCCC. On November 4, 2004, due to an unwaived enemy at JCCC, he was placed in the JCCC protective custody unit. After receiving a conduct violation on February 9 and again on March 24, 2005, plaintiff was placed in Temporary Administrative Segregation. On April 7, 2005, at plaintiff's classification

2

Case 2:06-cv-04204-NKL   Document 59   Filed 09/10/08   Page 2 of 6

review hearing, it was determined that due to his being under investigation, his administrative segregation status would be continued. On May 12, 2005, the investigation of plaintiff was noted as completed, and he was promoted to Phase III administrative segregation status. On June 20, 2005, it was determined that plaintiff remain in Phase III administrative segregation, with a sixty-day review because of enemies in general population. On August 15, 2005, the classification review found plaintiff to have completed his administrative segregation time, but because he had enemies in general population and protective custody, he would remain in administrative segregation, with a thirty-day review. It was also determined that a transfer request was to be submitted on his behalf. A transfer request was initiated by Assistant Superintendent Arthur Woods and approved by Superintendent Dave Dormire. A letter dated August 17, 2005, from Assistant Superintendent Bill Galloway to plaintiff's attorney Mr. Robert Wolfrum advised that plaintiff was assigned to administrative segregation for his own protection because he had declared enemies in both general population and protective custody. Galloway's letter advised that, nevertheless, a transfer request had been submitted for plaintiff because of his dilemma. Galloway further advised that in order to obtain the transfer for Bunch as soon as possible, the transfer would be determined on availability of beds in the different institutions.

     Subsequently, plaintiff's transfer was denied by Central Transfer Authority. Plaintiff appealed the denial of transfer and on November 9, 2005, in response to his grievance, plaintiff received a grievance appeal response from Assistant Division Director of Adult Institutions Steve Long. Long's response stated he had thoroughly reviewed plaintiff's complaint and concurred with the response at the grievance level. Long found that plaintiff's current assignment to administrative segregation was appropriate and in accordance with procedure. Long cited the fact that plaintiff had unwaived enemies at every level five institution, thus making his continued assignment to administrative segregation proper.

     Plaintiff states that between November 2005 and March 2007, when he was finally transferred from JCCC administrative segregation, there were only for a few brief periods when he continued to have enemies in all level five institutions which would prevent his transfer. Plaintiff concedes, however, that during this time, he did continually have enemies in

JCCC general population and protective custody, thus preventing his transfer within JCCC. During this time, plaintiff did receive some conduct violations, but none appeared to have required his extended stay in segregation.

Inmates have no liberty interest protected by the Constitution in avoiding transfer to more adverse conditions of confinement. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Confinement within any of a state's institutions is within the normal limits or range of custody which the conviction has authorized the state to impose. Id. at 222. However, in certain circumstances, states may create a liberty interest protected by the Due Process Clause of the Constitution. Id. "But these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless, imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 222-23. "[T]he touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of the regulations regarding those conditions, but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'" Id. Thus, to implicate the protections of the Due Process Clause, the restrictive conditions of confinement must impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Id.

In the instant case, plaintiff has come forward with no evidence to show that defendants' failure to transfer him and, instead, placing him in a more restrictive administrative segregation assignment at JCCC, imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. Segregated confinement does not normally "present a dramatic departure from the basic conditions" of prison life. Sandin v. Connor, 515 U.S. 472, 485-86 (1995), Amrine v. Brooks, 522 F.3d 823, 831 (8th Cir. 2008). It has been consistently held that assignment to segregation, even without cause, is not itself an atypical, significant hardship. Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003). Specifically, the Eighth Circuit has consistently held that neither administrative nor disciplinary segregation, in themselves, are atypical and significant hardships that would trigger the protections of due process. Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir.

4

2002). This is not to say that there are no segregation assignments that could constitute an atypical and significant hardship. The Eighth Circuit in Williams v. Norris, 277 Fed. Appx 647, 2008 WL 2003319 *2 (8th Cir. 2008) (unpublished curiam), held that administrative segregation assignment for a period of twelve years constituted an atypical and significant hardship, thus implicating a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. The Supreme Court in Wilkinson v. Austin, 545 U.S. 209 (2005), also found a liberty interest where inmates were assigned to supermax prison where solitary confinement placement was indefinite, being only reviewed annually after a thirty-day review, and disqualified otherwise eligible inmates for parole consideration.

Whether segregated confinement constitutes an atypical and significant hardship is a question of fact. In the instant case, plaintiff was assigned to administrative segregation for 22 months. Although a period of 22 months is an extended duration of time, it is significantly less than the twelve years cited in Williams v. Norris. Further, the additional conditions of administrative segregation imposed in the Wilkinson v. Austin supermax prison case are not present in this case. Based on the foregoing, this court finds that plaintiff has failed to come forward with evidence from which a reasonable jury could find that his assignment to administrative segregation imposed restrictive conditions which were atypical and significant in relation to the ordinary incidents of prison life, thereby implicating the Due Process Clause of the Fourteenth Amendment. See Hemphill v. Delo, 124 F.3d 208 (Table), 1997 WL 581079 (8th Cir. 1997) (unpublished decision) (finding 4 days lockdown, 30 days disciplinary segregation, and 290 days administrative segregation did not implicate a liberty interest); Driscoll v. Youngman, 124 F.3d 207 (Table), 1997 WL 581072 (8th Cir. 1997) (unpublished per curiam) (135 days in disciplinary and administrative segregation, without meaningful exercise, natural light, and library did not constitute an atypical and significant hardship); Wycoff v. Nichols 94 F.3d 1187, 1190 (8th Cir. 1996) (10 days disciplinary segregation and 100 days max security cell). See also Jones v. Baker, 155 F.3d 810 (6th Cir. 1998) (administrative confinement for two and one-half years was not atypical and significant).

Further, even if it were determined that plaintiff's 22-month duration in administrative segregation evoked a liberty interest, he fails to come forward with any evidence to show that

5

he was denied due process. The documents submitted in this case show that plaintiff was given regular (30 or 60 day) reviews while in administrative segregation. See supporting exhibits in defendants' motion for summary judgment and plaintiff's response to summary judgment. See also Williams v. Norris, 277 Fed. Appx. 647, 2008 WL 2003319 at *2 (inmate given reviews at 60-day intervals at which he could make statements and present evidence was sufficient process as to his administrative segregation confinement).

To the extent plaintiff challenges his denial of transfer from JCCC to another prison, he has no liberty interest in assignment to a particular prison. Moorman v. Thalacker, 83 F.3d 970, 973 (8th Cir. 1996).

Based on the undisputed material facts in this case, defendant is entitled to judgment as a matter of law. No reasonable jury could find that assignment of plaintiff to segregation and failure to transfer him to a different institution violated his constitutional rights.

IT IS, THEREFORE, RECOMMENDED that defendants' motion for summary judgment be granted. [54]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 10th day of September, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

6

Case 2:06-cv-04204-NKL   Document 59   Filed 09/10/08   Page 6 of 6